IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EQUAL OPPORTUNITY DIVISION

Barbara A. Planck,
    Plaintiff

V.

Donald H. Rumsfeld
Secretary,
Department of Defense
(Defense Contract Management Agency).
                    Defendant(s)

Docket #: 01A60762
Agent #1: XL02016
Agency #2:
Agency #3:
Filed: 102405

## COMPLAINT

1. Plaintiff resides at 1119 County Road 513, Midland City, Alabama, 36350.

2. Defendant(s) Name(s) Donald H. Rumsfeld, Secretary, Department of Defense, Defense Contract Management Agency.

    Location of principal office(s) of the named defendant(s) 6350 Walker Lane, Suite 300, Alexandria, VA 22310-3241.

    Nature of defendant(s) business Defense Contract Management.

    Approximate number of individuals employed by defendant(s) 5,000(?).

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. S 2000e-5. Equitable and other relief are also sought under 42 U.S.C S 2000e-5(g).

4. The acts complained of in this suit concern:

    1. ___ Failure to employ me.
    2. _X_ Termination of my employment.
    3. _X_ Failure to promote me.

4.     _X__Other acts as specified below: I was not aware that an agency may pick and choose allegations, but must consider the complaint in its entirety in order to determine the claim or claims raised.  See Foster v. Department of the Navy, EEOC Appeal No. 01962504 (May 01, 1998). In dismissing my original EEO complaints, the agency ignored my complaints alleging violation under the Equal Pay Act, Age Discrimination, Performance Award, accurate Position Description since my hiring date of June 1999 an continued till my departure on December 31, 2002. Equal Opportunity Program for promotion of women within the organization. Open practice of favoritism and partiality with certain employees. Training supervisors and managers in EEO practices. The ignored the processing of my complaint. I was subjected to adverse personnel actions, denial of promotions, training, denial of benefits, threats, harassment, and adverse treatment from management and the agency. I have filed two EEO Complaints against DCMA, the first in 1999, and this matter before the court on September 2001; I received the agency's final decision on September 30, 2005 on my second complaint. Four years the agency ignored my complaint, this is improper. A charging party can bring an ADA retaliation claim against an individual supervisor, as well as an employer.  This is because Section 503(a) of the ADA makes it unlawful for a "person" to retaliate against an individual for engaging in protected activity. The Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Title I of the Americans with Disabilities Act of 1990. The Equal Pay Act requires that men and women be given equal pay for equal work in the same establishment. I was also subjected to discrimination because of my race, color, age, sex, and reprisal, when in September 2001;I was denied a performance award. I was subjected from June 1999 to December 2002 because of the agencies Unfair Labor Practices by affecting an improper or unwarranted personnel actions resulting in the withdrawal or reduction of pay, allowances and differential may be made whole under the authority of the Back Pay Act. The Back Pay Act also specifically provides for the payment of interest.  The Authority has held that an agency may not use the excuse, particularly the right to determine its budget, does not provide any impediment to make whole remedy based on the Back Pay Act.

5. Plaintiff is:

   A.    _X_ Not presently employed by the defendant.  The dates of employment were June 7, 1999 - December 31, 2002.

       (1)  ___Plaintiff was discharged.
       (2)  ___Plaintiff was laid off.
       (3)  _X_Plaintiff left job voluntarily.

6. Defendant(s)' conduct is discriminatory with respect to the following:

   A.   _X_ My race.
   B.   _X_ My religion.
   C.   _X_ My sex.
   D.   ___ My national origin.
   E.   _X_ Other, as specified below:  Coming from the North to the South for employment.  I was reminded numerous times that we don't do things like that down here. Same agency, same rules and regulations should be followed. If you say something make a suggestion to improve operations beyond the normal practice, or suggest getting assistance from another organization, this was frowned upon.  This office would rather do things wrong, rather than fix the problem. When I brought to the attention to the supervisor of doing higher graded duties and my position description was not correct, I was warned not to complain, or I will burn my bridges. That statement from management was a threat! Other duties as assigned - even if they were higher graded responsibilities was how things were done here in the South. I was subjected to adverse personnel actions, denial of promotions, training, denial of benefits, threats, harassment, and adverse treatment from management and the agency.

7. The name(s) race, sex, and position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are): George Caldwell, Black, Male, Contracts Operations Supervisor, Major Steven Busch, White, Male, Commander, Defense Contract Management Command, Ozark, Major Robert Grigsby, White, Male, Commander, Defense Contract Management Command, Birmingham.

8. The alleged discrimination began upon my hiring in Dothan in June 1999, and continued upon my departure on December 31, 2002.

9. The nature of my complaint, i.e., the manner in which the individual(s) named above discriminated against me in terms of the conditions of my employment, is as follows: Back Pay Act, 5 U.S.C. § 5596, make whole each such employee for the loss of pay and benefits suffered during four years of underpayment. The right of employees to be free from discrimination in their compensation is protected under several federal laws, including the following enforced by the U.S. Equal Employment Opportunity Commission (EEOC): the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Title I of the Americans with Disabilities Act of 1990. The Equal Pay Act requires that men and women be given equal pay for equal work in the same establishment. The jobs need not be identical, but they must be substantially equal. It is job content, not job titles, that determines whether jobs are substantially equal. Specifically, the EPA provides:

Employers may not pay unequal wages to men and women who perform jobs that require substantially equal skill, effort and responsibility, and that are performed under similar working conditions within the same establishment. Each of these factors is summarized below:

- Skill - Measured by factors such as the experience, ability, education, and training required to perform the job. The key issue is what skills are required for the job, not what skills the individual employees may have.
- Effort - The amount of physical or mental exertion needed to perform the job. For example, suppose that men and women work side by side on a line assembling machine parts. The person at the end of the line must also lift the assembled product as he or she completes the work and place it on a board. That job requires more effort than the other assembly line jobs if the extra effort of lifting the assembled product off the line is substantial and is a regular part of the job. As a result, it would not be a violation to pay that person more, regardless of whether the job is held by a man or a woman.
- Responsibility - The degree of accountability required in performing the job.

These points highlight some of the issues that occurred during my employment with DCMA while employed in Alabama.

10. The alleged illegal activity took place at DCMA PEMCO, Dothan, and DCMA-Ozark, 1101 Valentine Street, Extension, Ozark, Alabama, 36360.

11. I filed charges with the Equal Employment Opportunity Commission regarding defendant(s) alleged discriminatory conduct on or about September 2001. I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received on April 6, 2006.

12. I seek the following relief:

    A. _X__  Recovery of back pay.
    B. ____  Reinstatement to my former job,
       _X__ and any other relief as may be appropriate,
including injunctive orders, damages, costs, and attorney's fees.

Date: _6/6/06_

_Barbara A. Planck_
Signature of Plaintiff
1119 County Road 513,
Midland City, Alabama, 36350
(334) 795-0397