IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA A. PLANCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV543-MHT |
| | ) | (WO) |
| DONALD H. RUMSFELD, Secretary, | ) | |
| Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon review of the complaint filed by the *pro se* plaintiff in this employment discrimination action, the court concludes that the complaint must be amended before this action may proceed. The complaint makes inconsistent factual allegations – plaintiff alleges both that she left her employment voluntarily (Complaint, ¶ 5) and that defendant discriminated against her by terminating her employment (id., ¶ 4). Additionally, plaintiff's complaint is framed predominantly in a narrative fashion, and includes incomplete statements that do not adequately advise the court of the nature of plaintiff's claims. See *e.g.* Complaint, ¶ 4 ("Equal Opportunity Program for promotion of women within the organization. Open practice of favoritism and partiality with certain employees. Training supervisors and managers in EEO practices."). Further, the complaint includes broad pronouncements that do not include factual detail sufficient to demonstrate that plaintiff is entitled to relief. See id. ("I was subjected to adverse personnel actions, denial of promotions, training, denial of benefits, threats, harassment, and adverse treatment from management and the agency.").

Defendant cannot fairly be expected to respond to the complaint as it is presently framed. Accordingly, it is

ORDERED that plaintiff is DIRECTED to amend her complaint, **on or before July 5, 2006,** to include facts in support of each of her claims and to present each claim for relief in a separate count. Each count must specifically allege the conduct of the defendant. Each count may include only one legal theory of relief – *i.e.*, if plaintiff contends that particular actions violated her rights under both the Americans with Disabilities Act and Title VII, she must set forth those claims in two separate counts. Each count must contain all of the factual allegations – and only those factual allegations – which support that particular claim for relief and may not incorporate previous allegations by reference. Plaintiff is further DIRECTED to specify the date of any alleged violations of law. For example, if plaintiff alleges that she was denied a promotion, she must include the date on which she was denied the promotion.

Plaintiff is advised that if she fails to file an amended complaint as set forth above within the time allowed by the court, the undersigned Magistrate Judge may recommend dismissal of this action.

DONE, this 23rd day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE