IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA A. PLANCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV543-MHT |
| | ) | (WO) |
| DONALD H. RUMSFELD, Secretary, | ) | |
| Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

By order entered June 23, 2006, the court directed plaintiff to file an amended

complaint.  The order required plaintiff to present each of her claims for relief in a separate

count and, *inter alia*, to allege specifically within that count the pertinent factual allegations,

the conduct of the defendant, and the date of any alleged violation of law.  The amended

complaint filed by the plaintiff does not comply with the terms of this order.  However, rather

than ask the plaintiff to file another amendment, the court has carefully reviewed the

amended complaint in an attempt to determine the claims which plaintiff seeks to bring

before the court.

Plaintiff appears to assert the following claims:

(1) that defendant discriminated against her on the basis of her gender in violation of

Title VII when the agency failed to promote her in June 2001 to the position of Quality

Assurance Specialist;

(2) that, in violation of Title VII, defendant retaliated against her for filing an EEO

complaint by failing to select her for the position of Safety and Occupational Health

Specialist in January 2000;

(3) that defendant retaliated against her in violation of Title VII when it denied her a

performance award in September 2001 for the annual rating period ending on December 31,

2000;

(4)  that defendant discriminated against her in violation of Title VII on the basis of

her race, color, age and sex when it denied her a performance award in September 2001 for

the annual rating period ending on December 31, 2000;

(5) that the agency and individual defendants George Caldwell, Steven Busch, and

Robert Grigsby retaliated against plaintiff by subjecting her to improper and unwarranted

personnel actions in violation of the Americans with Disabilities Act ("ADA") between

October 1999 and December 2002 because plaintiff engaged in protected activity;

(6) that the agency subjected her to a hostile work environment when other employees

referred to her as a "Yankee" and told her that "we don't do things like that down here"; and

(7) that the agency subjected her to unequal pay on the basis of her gender in violation

of the Equal Pay Act between June 1999 and December 2002.

For good cause, it is

ORDERED that, if plaintiff believes that the court has omitted a claim included within

the amended complaint or misinterpreted any of the above claims, she may file a response

to this order on or before **July 20, 2006**.[1]  As to any claim which plaintiff seeks to have added to the above list, the plaintiff must include a *separate statement* on a *separate page* clearly identifying: (1) all of the facts giving rise to that particular claim; (2) the date of the alleged violation of law; (3) the defendant from whom plaintiff seeks relief as to that particular claim; and (4) the specific law which plaintiff believes has been violated or the reason plaintiff believes the alleged facts constitute a violation of law.  Plaintiff is advised that, if she files a response which does not comply in all respects with the terms of this order, the court will not consider the response.  Additionally, if plaintiff chooses not to file a response to this order within the time allowed by the court, the court will presume that the plaintiff agrees with the court's identification of her claims and this action will proceed accordingly.

DONE, this 10th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] No response is required if plaintiff agrees with the claims as identified by the court.