IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA A. PLANCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV543-MHT |
| | ) | |
| DONALD H. RUMSFELD, Secretary, | ) | |
| Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Barbara Planck, proceeding *pro se*, commenced this employment discrimination action on June 19, 2006 against defendant Donald H. Rumsfeld, Secretary of Defense. On June 28, 2006, plaintiff filed an amended complaint which added ADA retaliation claims against three defendants – Caldwell, Busch and Grigsby – in their individual capacities. By order entered August 1, 2006, the court granted plaintiff's motion to proceed *in forma pauperis* and directed plaintiff to provide the Clerk, on or before August 10, 2006, addresses for service of process on the individual defendants. Plaintiff did not comply with the order. The Clerk was, accordingly, unable to serve these defendants. The record includes no evidence that plaintiff has herself effected service on these defendants.

On October 20, 2006, the court directed plaintiff to show cause, on or before October 31, 2006, why the individual defendants should not be dismissed from this action because of plaintiff's failure to effect service within the time allowed by Fed. R. Civ. P. 4(m). Plaintiff has not responded to the show cause order.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims against defendants Caldwell, Busch and Grigsby be DISMISSED without prejudice for plaintiff's failure to effect service within 120 days, as required by Fed. R. Civ. P. 4(m).[1]

Additionally, it is ORDERED that the Clerk is DIRECTED to serve the summons and complaint on defendant Rumsfeld pursuant to Fed. R. Civ. P. 4.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before November 21, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of November, 2006.

---

[1] Fed. R. Civ. P. 4(i)(3) – providing for a "reasonable time" to cure defects in service in a case involving the United States – is not, by its terms, applicable to plaintiff's failure to effect service on the individual capacity defendants.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE