# DEFENDANT'S EXHIBIT 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BIRMINGHAM DISTRICT OFFICE
RIDGE PARK PLACE
1130 22ND STREET SOUTH
SUITE 2000
BIRMINGHAM, ALABAMA 35205

| | | |
|---|---|---|
| COMPLAINT OF: | ] | |
| | ] | |
| BARBARA A. PLANCK, | ] | EEOC# 130-2004-00148X |
| | ] | |
| Complainant, | ] | Agency # XL-02-016 |
| | ] | |
| and | ] | |
| | ] | DATE: July 28, 2004 |
| .DONALD H. RUMSFELD, | ] | |
| SECRETARY, | ] | |
| | ] | |
| DEPARTMENT OF DEFENSE, | ] | |
| Agency. | ] | |

## SCHEDULING ORDER

### I. MOTIONS

Unless otherwise indicated, a party must file with the Administrative Judge an opposition to a motion within ten (10) calendar days of receipt of the motion. The failure to timely file an objection to a motion may result in the objection being deemed waived and the granting of the motion.

On any request or motion, the requesting party shall certify that he/she has made a good faith effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. Failure by the Complainant to obtain representation, or failure by the Agency to assign this matter to a representative, will not be grounds for postponement.

### II. REPORT OF INVESTIGATION

If available, the Agency must obtain from the Investigator and submit an electric copy of the Report of Investigation to the Administrative Judge within **thirty (30) days from the date of this Order**. (The Report of Investigation is a copy of the Investigator's Summary of the Investigation. If at all possible please send this document in a Wordperfect or Notepad format.) This should be sent via e-mail to the undersigned at perry.martin@eeoc.gov.



## III.  PRE-HEARING CONFERENCE AND HEARING

The Complainant is entitled to a Hearing UNLESS: 1) a settlement agreement is reached; 2) the Complainant decides to by-pass the optional Hearing and Administrative Judge's Decision, and request a final agency decision, while retaining all appeal rights with the EEOC (Office of Federal Operations-Washington, D.C.), as well as the right to file in court [ See: forms enclosed, which should be sent directly to me, if this is the desired form of processing ]; 3) the case is filed directly in court; 4) the complaint is remanded to the Agency if the Complainant does not prosecute; 5) a Decision is issued where the Administrative Judge determines that some or all of the material facts are not in genuine dispute; and/or 6) the entire case is withdrawn.

The parties will be notified of the dates and times for the Pre-Hearing Conference and the Hearing in this matter.  Continuances will not be granted, absent a showing of good cause.

After it is scheduled, the Agency Representative will be responsible for arranging the telephonic Pre-Hearing Conference.  The Complainant/Complainant's Representative is (are) responsible for providing the Agency's Representative with a telephone number, where contact can be made on the designated day.  During the Pre-Hearing Conference, settlement discussions will again occur. The Agency's Representative must have the authority to settle the complaint OR be able to reach the person with final settlement authority during the Pre-Hearing Conference. If needed, this person may be included in the discussions, if the Administrative Judge deems it necessary.

After the Hearing is scheduled, the Agency Representative will be responsible for: securing the services of a Court Reporter; providing notice to everyone, including witnesses, if federal employees, of the exact location of the Hearing, along with a telephone number; and arranging for a Hearing location that is properly ventilated, and can comfortably hold at least eight (8) people, at one time.

The Agency's Representative will also be responsible for securing the presence of all approved witnesses, if federal employees.  The Agency's Representative will be responsible for arranging the necessary telephonic connections, where testimony will be taken telephonically from non-management employees and management employees who are not Responsible Management Employees, who are no longer employed at the hearing site facility.

In addition, the Agency's Representative will be responsible for providing the Court Reporter with the name, address, and telephone number of the Agency official, to whom the bill for services may be sent.  The EEOC does not pay for the services of the Court Reporter, and the bill for such services should not be sent to our office.  Our office requires one original and two copies of the transcript.



## IV. REQUIRED SUBMISSIONS

The Complainant/Complainant's Representative and Agency's Representative are, hereby, ORDERED to file the following **within ninety-five (95) calendar days from the date of receipt of this ORDER.**

1.   A **PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW** must be submitted to the Administrative Judge, which includes an outline of the "Facts" which the party contends warrants a decision being rendered in their favor. Each proposed fact shall be supported by identifying the location of the evidence in the Investigative File on which the fact is based. If the proposed fact is based on supplemental evidence, such supplemental evidence shall also be identified. The Proposed Finding of Facts should state with particularity each factual contention the party intends to advance at the hearing, each legal argument upon which the party intends to rely at the hearing, together with the appropriate statutory references, case law, and other citations.

    In addition to a "regular paper copy", the Parties should submit their Proposed Findings of Facts and Conclusions of Law via an E-mail attachment. The Administrative Judge's E-Mail Address is: perry.martin@eeoc.gov.

2.   The parties may respond to the opposing parties' Findings of Facts no later than fifteen (15) calendar days after receipt of the statement. This response is not a substitute for the parties' obligation to submit a complete Findings of Facts as specified above.

3.   A list of witnesses with : the name of each witness; the job title of each witness; the proposed testimony of the witness [ i.e., if this witness is approved what will he/she testify to at the Hearing], the address of each witnesses ; whether the witness is a current federal employee, or non-federal employee [Note: the Agency is only responsible to secure the attendance of federal employees. All non-federal employees, who are approved as witnesses, must be secured by the party requesting said individual(s)];

4.   A list of exhibits currently in the possession of either party, that each party intends to offer as an additional exhibit at the Hearing, if a Hearing is held, with: a brief statement as to the relevance of each exhibit; a copy of the exhibit accompanied by an INDEX identifying the documents by exhibit number placed in the lower right hand corner. Also you must number each page of each exhibit. You must separately mark (by numbering) for identification each and every document/exhibit. Documents which ARE ALREADY A PART OF THE INVESTIGATIVE FILE ARE NOT TO BE OFFERED AS EXHIBITS AS THEY ARE ALREADY A PART OF THE RECORD. Your list should identify each and every document that you may reasonable expect to use at the Hearing (if one is held), for whatever purpose, including refreshing recollection or rebuttal purposes;

5.   Complainant MUST file the following: statement of each and every item sought for relief,

including the dollar amount for each item (if any) and the basis for seeking such relief. This matter will NOT be bifurcated and evidence of compensatory damages, if any, must be identified and supplied, just like other information /evidence;

6.    If either party requests a Technical Advisor a written request must be filed, stating the name, position, and title of the advisor. Please remember, that Technical Advisors do NOT represent the parties and CANNOT ask questions, reference any approved witness. EEO personnel cannot be Technical Advisors; and

7.    Failure to submit the items specified above will result in dismissal for failure to prosecute, entry of finding of facts as stated by the non-offending party, remand to the Agency for failure to prosecute, or other sanctions as deemed appropriate by the Administrative Judge. A party who does not fully comply with this order may at the discretion of the Administrative Judge, be restricted from raising additional factual contentions or legal arguments at the hearing.

## V. BIFURCATION

The hearing will not be bifurcated. The hearing will be concerned with both liability and damages. The Complainant must offer evidence of the damages incurred as a result of the alleged discrimination.

## VI. EXPEDITED PROCEDURE

If you are the Complainant, and are not interested in having the optional Hearing, and Decision from our office, but still want to keep your case within the Federal E.E.O. Complaints Processing system, you can still request a Final Decision, without the optional Hearing and Administrative Judge's Decision, while retaining all of your appeal rights to the EEOC [Washington, D.C., Office of Federal Operations], along with the right to file in the appropriate Federal District Court, at a later time, if needed. This can be accomplished by completing the enclosed form and sending it directly to the assigned Administrative Judge, whose name appears on the memorandum. If this is your desire, you may disregard the requirements of the Acknowledgment Order and this Scheduling Order. If this is not your desire, DO NOT send this form to the Administrative Judge.

If you wish to expedite, the enclosed form should be returned to the undersigned Administrative Judge, within thirty (30) days of this Scheduling Order. REMEMBER, if you do not want to expedite, do not send the form. If you expedite, make sure the envelope is addressed to the address that appears on the letterhead of the memorandum, and BE SURE to have the name of the Administrative Judge on the envelope. Do not send the expedited form to the general EEOC address, without the Administrative Judge's name. A copy should also be provided to the Agency's representative, whose name should appear on the memorandum.

## VII. NOTICE

1.  Both parties should keep in mind the accepted issues/bases in this case, as these are the ONLY areas to be explored, from an EEO viewpoint, as the EEOC DOES NOT have jurisdiction over personnel matters, union matters, personal conflicts/disputes, and/or the correct or incorrect nature of an Agency's decision;

2.  In requesting witnesses MAKE sure that: the witness has testimony relevant to the requesting party's burden of proof, and/or going forward with the evidence ; the witness has testimony that tends to prove or disprove a FACT OF CONSEQUENCE; the witness does not have testimony that is unduly repetitious [ do not list 16 witnesses, who are all going to testify to substantially the same thing, as all of them will not be approved];

3.  If you are the Complainant, and you have changed you mind about having a Hearing, you have the OPTION of completing the enclosed Request for a Final Agency Decision form and sending it directly to me.   If this is your desire no further action is required, reference the Acknowledgment and Order and this Scheduling Order;

4.  ANYTHING THAT IS SENT TO ME MUST BE SENT TO THE OTHER PARTY, AND THERE ARE NO EXCEPTIONS;

5.  WHEN SENDING ANYTHING TO ME BE SURE THAT MY NAME IS ON THE ENVELOPE. DO NOT SEND ANYTHING WITH A GENERAL EEOC ADDRESS;

6.  ALL FILINGS AND COMMUNICATIONS MUST HAVE: the EEOC Case Number; the Agency Case Number; the Party's Name/Representative's Name; Phone No. And Fax No., if any, and; the date of the letter or submission;

7.  When combining one or more filings in a single mailing, or document, identify each enclosed/attached item on the cover page;

8.  If a Hearing is held, a Bench Decision MAY be issued by the Administrative Judge, and the findings will be orally placed on the record and recorded by the Court Reporter, either on the same day as the Hearing, or at a later scheduled time; and

9.  Non-compliance with the Acknowledgment and Order or with this Scheduling Order, and/or any rulings of the Administrative Judge may result in a remand of the case for a final decision, imposition of the adverse inference rule, and/or sanctions.

## VIII. SANCTIONS

Sanctions may be imposed by the Administrative Judge for failure of the parties to follow EEOC orders and regulations. Parties may move for appropriate sanctions. A Motion for Sanctions

must include: 1) a statement of the order or regulation violated by the opposing party; 2) the circumstances giving rise to the motion; and 3) the relief that is being sought by the moving party. Responses in opposition for sanctions must be filed with the same Administrative Judge within fourteen (14) calendar days from receipt of the Motion for Sanctions.

Any questions concerning this ORDER may be addressed to the assigned Administrative Judge by calling him at (205) 212-2040, or by sending the correspondence to the address listed on the office letterhead on page one. Please do not send anything to the EEOC office without the Administrative Judge's name on it, and BE SURE a copy is sent to the opposing party.

It is so ORDERED on July 28, 2004.

For the Commission:

_____
Perry N. Martin
Administrative Judge
(205) 212-2040

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing SCHEDULING ORDER AND ATTACHMENTS within five (5) calendar days after the date it was sent *via* first class mail. I certify that on July 28, 2004, the foregoing ORDER was sent first *via* first class mail to the following:

Barbara A. Planck
1119 County Road 513
Midland City, AL 36350

John Moroney, Esq.
DCMDE-G
495 Summer Street
Boston, MA 02210-2184

Perry N. Martin
Administrative Judge

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**