# DEFENDANT'S EXHIBIT 8

RECEIVED-DCMDE-CSE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BIRMINGHAM DISTRICT OFFICE
RIDGE PARK PLACE    DEC 14  PM 3: 15
1130 22ND STREET SOUTH
SUITE 2000
BIRMINGHAM, ALABAMA 35205

| | |
|---|---|
| COMPLAINT OF: ] | |
| ] | |
| BARBARA A. PLANCK, ] | EEOC# 130-2004-00148X |
| ] | |
| Complainant, ] | Agency # XL-02-016 |
| ] | |
| and ] | |
| ] | DATE: December 9, 2004 |
| DONALD H. RUMSFELD, ] | |
| SECRETARY, ] | |
| ] | |
| DEPARTMENT OF DEFENSE, ] | |
| Agency. ] | |

## NOTICE

The above-styled case is being returned to your office for a final decision, without the Hearing, based upon the Complainant's noncompliance with Section IV of the BIDO Scheduling Order, dated July 28, 2004. The return of this case is pursuant to my authority, as set forth in 29 C.F.R. § 1614.109 (f) (3) (v) (1999) (permitting administrative judges to "take such actions as appropriate" when a complainant fails to comply with certain requests).

The overriding responsibility of a complainant, and/or his or her representative, is to provide the trier of fact (Administrative Judge) with claims, which they believe present colorable allegations of wrongdoing, based upon a recognizable civil rights basis (bases), and they, not the trier of fact, should sift through the allegations and determine whether he or she has been the victim of discrimination and, if so, of what type and for what acts. Malladi v. Brown, 987 F. Supp. 893 (M.D. Ala. 1997).

The law is well established that a Complainant bears the initial burden of proving a prima facie case of employment discrimination, in the absence of direct proof. Watson v. Fort Worth Bank and Trust, 487 U.S. 977 (1988). If a Complainant meets this burden, the Agency must articulate legitimate, nondiscriminatory reason(s), for the employment action(s). Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. V. Green, 411 U.. 792, 802 (1973). Once the Agency articulates such a reason(s), the burden shifts once again to the Complainant to prove that the proffered reasons are pretextual in nature. Id. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).



In the Scheduling Order issued in this matter, the Complainant, in addition to other things, was instructed to do the following:

a)      to submit an itemized list of damages;

b)      to produce or disclose to the Administrative Judge all evidence on which any claim for compensatory damages would be based;

c)      to submit a list of the witnesses, along with a summary of their expected testimony;

d)      to notify the Administrative Judge of any objections to the issuance of decision without a hearing; and

e)      to provide the Administrative Judge with an outline of the facts which warrant a decision being issued in the Complainant's favor.

Further, the Complainant was informed that "a failure, in the absence of a timely request for an extension, to respond to the order, would be considered an abandonment or a waiver of his/her request for a hearing."

Although the Complainant submitted copies of E-mails, she has not submitted any of the information described in the preceding sub-paragraphs, nor requested an extension of time, within which to provide such information. Moreover, to hold a hearing, where there is no indication that the Complainant (who has the burden of persuasion) will call any witnesses, would result in a waste of government resources.

The July 28, 2004 Scheduling Order instructed the Complainant that sanctions for failure to comply with the Scheduling Order may include, pursuant to 29 C.F.R. § 1614.109 (f) (3), remanding the case to the Agency for the issuance of a Final Agency Decision.

A copy of the July 28, 2004 Scheduling Order was sent to the Complainant at the following last known address:

Barbara A. Planck
1119 County Road 513
Midland City, AL 36350

It was not returned to the Administrative Judge, as not being deliverable, or because of an insufficient address.

Therefore, pursuant to 29 C.F.R. § 1614.109 (f) (3) (v), (permitting administrative judges to "take such actions as appropriate" when a complainant fails to comply with certain requests), and Chuney v. William J. Henderson, Postmaster General, United States Postal Service, EEOC #01986284 (November 17, 1999), the Complaint file is being returned to the Agency for the

issuance of a Final Agency Decision.

*__Please note that I am not forwarding this case for dismissal, as there appears to be sufficient information available to issue a final decision on the complaint, and, as such, a dismissal appears inappropriate. Please note that all appeal rights must be provided to the Complainant.__*

This completes the processing of this case by our office, and, by copy of this memorandum, both parties are being advised that no further response to the BIDO Scheduling Order, dated August 16, 2004 is required.

Issued this 9th day of December, 2004.

Perry N. Martin
Administrative Judge

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice was sent by me on this the 9th day of December, 2004, to the following individuals:

Barbara A. Planck
1119 County Road 513
Midland City, AL 36350

Dorothy Glenn, Esq.
Defense Contract Management Agency Atlanta
2300 Lake Park Drive
Suite 300
Smyrna, GA 30080

Defense Contract Management Agency
ATTN: DCMA-DSO
Mr. Charles Miller
6350 Walker Lane
Suite 337
Alexandria, VA 22310-3241

Perry N. Martin
Administrative Judge