# DEFENDANT'S EXHIBIT 9



RECEIVED-DCMDE-CSE

05 OCT

**DEFENSE CONTRACT MANAGEMENT AGENCY**
6350 WALKER LANE, SUITE 300
ALEXANDRIA, VIRGINIA 22310-3241

IN REPLY
REFER TO   DCMA-DSO

September 30, 2005

Ms. Barbara A. Planck
1119 Country Road 513
Midland City, AL 36350

Dear Ms. Planck:

    This is the final decision of the Defense Contract Management Agency (DCMA) on your March 4, 2002 complaint of employment discrimination, docketed as DCMA Case Number XL-02-016. This decision is issued in accordance with Title 29 of the Code of Federal Regulations (C.F.R.) § 1614.110.

    The complaint was accepted by letter dated September 6, 2002, with the issue in the complaint identified as whether or not you were:

> illegally discriminated because [of your] race (Caucasian), color (White), age ([Date of Birth:] 01/09/54), sex (Female), and[/or] reprisal (filing previous EEO complaint XL-01-018) when: On or about September 5, 2001, you learned that you did not receive a performance award for the rating period of January 1, 2000 to December 31, 2000.

    After an unsuccessful attempt at mediation, an independent Department of Defense investigator conducted an investigation intermittently from April 8 to May 6, 2004. By letter dated June 18, 2004, you were provided a copy of the Report of Investigation (ROI) and advised of your rights pursuant to 29 C.F.R. § 1614.108(f). By letter dated July 11, 2004, you exercised your right to request a hearing before an Administrative Judge appointed by the U.S. Equal Employment Opportunity Commission (EEOC). The case was docketed, EEOC Hearing Number 130-2004-00148X. However, on December 9, 2004 the assigned EEOC Administrative Judge returned the case to DCMA because you did not comply with parts of a July 28, 2004 EEOC scheduling order. The case is, therefore, before this Headquarters for issuance of a final Agency decision pursuant to 29 C.F.R. § 1614.110(b).

    Discrimination in employment based on race, color, sex and/or reprisal for protected activcities are prohibited by Title VII of the Civil Rights Act of 1964, as amended (Title VII). Discrimination against persons over forty years of age is prohibited by the Age Discrimination in Employment Act of 1967 (ADEA), as amended.

    The U.S. Supreme Court has provided a systematic approach for the analysis of cases alleging discrimination in employment. Under this framework, you, the complainant, have the initial burden of establishing a <u>prima</u> <u>facie</u> case of discrimination;

that is, a body of evidence such that if it were not rebutted, the trier of fact could conclude that unlawful discrimination did occur. If a prima facie case is established, the burden shifts to the employer to articulate the legitimate, nondiscriminatory reason[s] for its action. If the employer meets its burden, the burden shifts back to the complainant to demonstrate that the articulated reason is pretext, masking illegal discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1982). The complainant has the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against him. Burdine, 450 U.S. at 253; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). Although this analysis was developed in the context of Title VII of the Civil Rights Act of 1964, as amended, it is equally applicable to age discrimination claims brought under the ADEA. Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979).

In the McDonnell Douglas case, the U.S. Supreme Court recognized that factual situations will necessarily vary from case to case and, accordingly, the requirements for establishing a prima facie case will also vary. To establish a prima facie case of employment discrimination in a employment awards and ratings case, the complainant must establish that: (1) She is a member of the protected group(s); (2) That she was eligible for the employer benefits involved; (3) Despite her qualifications she did not receive the appropriate award or rating; and (4) A similarly situated person or persons, not in her protected group(s), received an award or superior rating.

It is not disputed that you are within the protected groups alleged. You were employed during calendar year 2000 as a Management Assistant, GS-0344-06. You received a fully successful rating, ROI Exhibit F-2, pages 147 and 148. The record is undisputed that you did not receive an award and that some other individuals at the same DCMA activity did receive awards for their performance during calendar year 2000.

As a preliminary manner, we note that your rating itself is not before the Agency. Your rating of 3, or fully successful, in each of the eight (8) job elements, was the highest possible under the rating system in place at the time. Further, you are no longer employed by DCMA, and we find that you are not aggrieved by any aspect of your rating other than the possible connection to an award.

We find that the record does not establish a prima facie case. With regard to race and/or color, three (3) of the employees you identified in the record as having received awards were white, ROI Exhibit F-1, pages 42 to 46, and ROI exhibit F-2. page 132. With regard to sex, six (6) of the employees identified in the record as having received awards were female, ROI Exhibit F-1, pages 42 to 46, and ROI Exhibit F-2, page 132. With regard to age, while one of those identified in the record as having received awards was identified as outside the protected age group, i.e., under age forty (40) years of age at the time she received her award, all of the others were within the protected age group, and at least two (2) were older than yourself, ROI Exhibit F-1, pages 42 to 46, ROI exhibit F-2,132, and ROI exhibit F-6, pages 151 to 156. There is nothing in the distribution of awards by race, sex, or age that would lead to an inference that it was motivated by discrimination. While your supervisor was aware of prior

protected activity, the undisputed testimony is that he was aware of it because you told him about it, ROI exhibit F-2, page 131, and because he granted you leave and official time in connection with that complaint, ROI exhibit F-2, page 132. He was not a party to the complaint in the sense that he had been previously accused of discrimination against you, and there is no showing that he harbored any personal animus against you because he was aware of your protected activity.

Further, we find that none of those identified was is similarly situated to yourself. None of them were in a GS-0344 series position, and only two, both white females, were at the GS-07 level, while you were a GS-06. The remaining awardees were at the GS-11 or GS-12 level.

Assuming, *arguendo*, that a *prima facie* case were established, your supervisor articulated legitimate non-discrimartory reason for the distribution of awards. We note this testimony, ROI exhibit F-2, page 132:

> At that time, there was a period (quite an extensive amount of time) during the year she was out of the office because of an operation. ... During the time she did work, her performance was satisfactory but did not warrant an award.
>
> \* \* \*
>
> ... I believe I gave 4 or 5 out of 22 people [performance awards for 2000] (race of the individuals were both black (African American) and white (Caucasian): color of the individuals were black and white, ages ranged from approximately 38-55[]; gender were both male and female, and [I] believe none had any prior EEO activity except the Complainant.
>
> \* \* \*
>
> Instead of the performance award, what Ms. Planck is actually contesting is the on-the-spot cash award. An on-the-spot cash award is given for highlighted performance (over and above, that added to the organization's mission) at a specific time. At the time the on-the-spot awards were given (September 2001), there was no highlighted performance by Ms. Planck that warranted her receiving an award. Everyone did not receive an on-the-spot cash award (in September 2001) nor did everyone receive a performance award associated with the 2000 appraisal. Those individuals who did not receive an on-the-spot cash award consisted of race (white and black), color (white and black), sex (male and female), ages (lower 40's to 62), an no prior EEO activity that I was aware of. All of the individuals who received on-the-spot cash awards were white (Caucasian), male and female, color white, ages ranging from about 34 - 58, and to the best of my knowledge none had any prior EEO activity. However, on my retirement and during the final appraisal for the 2002, Ms. Planck did receive a performance award associated with her appraisal because I wrote up the justification before I left the agency.

The matter you raised in your rebuttal to this testimony, ROI exhibit F-7, page 158, that your supervisor was attempting to rely on your medical leave to justify not giving you an award and was, therefore, in violation of the Family and Medical Leave Act, is not before the Agency in this complaint. We note that your performance rating for 2000 was at the highest possible level, fully successful, and that an extensive period of absence is not a reason for an award.

We find that the burden of articulating for the record the legitimate, non-discriminatory reason for the selection actions has been met. We find nothing in the record to show that the reason given, i.e., that your performance was not deserving of an award at the time, is unworthy of credence or was offered merely as a pretext for a decision to deny you an award because of your race, color, sex, age and/or in reprisal for your prior protected activity. We find that neither discrimination nor reprisal was established by a preponderance of the record evidence.

It is the final decision of the DCMA to find that you were not discriminated against or reprised against as alleged. No corrective action is required or authorized. It does not appear from the record that you were represented by an attorney at any time during the processing of this case, and, in any event, you are not a prevailing party, so you are not entitled to recovery of damages, legal fees, or costs.

This is the final DCMA decision on the substantive issues in this complaint, the corrective action relating thereto, and on the question of your entitlement to legal fees and costs or compensatory damages. In accordance with the U.S. Equal Employment Opportunity Commission (EEOC) regulation 29 C.F.R. §§ 1614.401 and 402, you may appeal the final decision of the Agency in this matter to EEOC within 30 days of your receipt of this decision.

Appeals to EEOC should be forwarded to:

U.S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, DC 20036

Appeals to EEOC may be personally delivered to the EEOC, Office of Federal Operations, 1801 L Street, NW, Washington, DC 20507, or sent by facsimile [(202) 663-7022]. You should use, or at least enclose, EEOC Form 573, Notice of Appeal/Petition, which is attached to this decision, and you should indicate what matter you are appealing.

If you elect to file an appeal with EEOC, you are required to furnish a copy of the appeal to:

HQ Defense Contract Management Agency
ATTN: Mr. Miller, DCMA-DSO
6350 Walker Lane, Suite 337
Alexandria, VA 22310-3241

In or attached to the appeal, you must certify the date and method by which service was made on the Agency. If you do not file an appeal within the 30-day time limit, the appeal will be untimely and shall be subject to dismissed by EEOC. If you elect to file an appeal with EEOC, any statement or brief in support of the appeal must be submitted to EEOC, with a copy to the Agency, within 30 calendar days of filing the Notice of Appeal. The EEOC Office of Federal Operations will accept briefs or statements in support of an appeal by facsimile transmission [(202) 663-7022], provided they are no more than 10 pages long.

In lieu of an appeal to EEOC, a civil action may be filed in an appropriate U.S. District Court within 90 calendar days of receipt of the final Agency decision.

If an appeal to EEOC is filed, a civil action may be filed in a U.S. District Court within 90 calendar days of receipt of EEOC's final decision. A civil action may be filed 180 calendar days after the date of filing an appeal to EEOC if there has been no final decision by EEOC.

If a civil action is filed, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you in connection with the complaint. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be submitted in such form and manner as the court may require.

If you file a civil action, you must name the appropriate department or agency head as the defendant, as well as his/her official title. Failure to name the head of the department or agency and his/her official title may result in the loss of any judicial redress to which you may be entitled. DCMA is a component of the Department of Defense (DoD). DoD has determined that the Honorable Donald H. Rumsfeld, Secretary of Defense, shall be named as the defendant in any civil action filed against a DoD component.

Sincerely,

CHARLES J. MILLER
Director, Equal Employment Opportunity

Enclosure