# DEFENDANT'S EXHIBIT 10



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C.  20036

Barbara A. Planck,
Complainant,

v.

Donald H. Rumsfeld,
Secretary,
Department of Defense,
(Defense Contract Management Agency),
Agency.

Appeal No. 01A60762

Agency No. XL-02-016

## DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning her equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405.

During the relevant time, complainant was employed as a Management Assistant, GS-0344-06, at the agency's facility in Ozark, Alabama. Complainant filed a formal complaint on March 5, 2002. Therein, complainant claimed that she was discriminated against on the bases of race (Caucasian), sex (female), color (white), age (D.O.B. 1/9/54), and in reprisal for prior EEO activity when:

on September 5, 2001, she became aware she did not receive a performance award for the rating period of January 1, 2000 to December 31, 2000.

In her formal complaint, complainant further claimed that she was subjected to additional adverse actions by her Supervisor (denial of promotion, denial of benefits, threats and harassment).


RECEIVED
4-7-06

By letter dated September 6, 2002, the agency informed complainant that it was accepting for investigation the claim relating to non-receipt of a performance award from the January to December 2000 rating period. Moreover, the agency indicated that the "other information" that complainant submitted would be considered as background information. Finally, the agency informed complainant that she may submit a statement "concerning the articulation of the above issues."

At the conclusion of the investigation of the performance award claim, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ). The AJ remanded the case to the agency for issuance of a FAD pursuant to 29 C.F.R. § 1614.109(f)(3)(v), on the grounds that complainant did not comply with portions of the AJ's Scheduling Order dated July 28, 2004.[1]

On September 30, 2005, the agency issued the instant FAD. Therein, the agency found that complainant did not establish a *prima facie* case of race, sex, color, age and reprisal discrimination. The agency further found that assuming *arguendo* complainant established a *prima facie* case, management articulated legitimate, non-discriminatory reasons for its actions. Further, the agency found that complainant failed to present any evidence which demonstrated that management's articulated reasons for its actions were a pretext for discrimination.

On appeal, complainant argues that the agency improperly framed her complaint. Complainant further argues that "in dismissing my original EEO complaints, the agency ignored allegations alleging violation under Equal Pay Act, Age Discrimination, Performance Award, accurate Position Description, Equal Opportunity Program for promotion of women within the organization, Favoritism and partially with certain employees, Re-train supervisors in EEO practices."

As an initial matter, the Commission notes complainant's argument on appeal regarding the framing of her complaint, and finds that the agency properly defined the complaint. We note that there is no evidence in the record indicating that complainant challenged the agency's framing of her complaint. Specifically, the record does not reflect that complainant responded to the agency's framing of the instant complaint as reflected in the agency letter of September 6, 2002. Moreover, the record does not contain any documentation reflecting that during the investigation of the instant complaint, complainant indicated that the matter accepted for investigation was improperly identified. We next turn to the merits of the case.

A claim of disparate treatment is examined under the three-part analysis first enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). For complainant to prevail, she must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a

---

[1] The record does not contain a copy of the AJ's Scheduling Order dated July 28, 2004.

3                                                          01A60762

factor in the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *See U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v. Department of Transportation*, EEOC Request No. 05900159 (June 28, 1990); *Peterson v. Department of Health and Human Services*, EEOC Request No. 05900467 (June 8, 1990); *Washington v. Department of the Navy*, EEOC Petition No. 03900056 (May 31, 1990).

The agency articulated legitimate, non-discriminatory reasons for its actions. The record contains a declaration from complainant's Supervisor. Therein, the Supervisor stated that complainant "is actually contesting [an] on-the-spot award." The Supervisor further stated that on-the-spot awards are given to employees "for highlighted performance (over and above, that added to the organization's mission) at a specific time." The Supervisor stated that during the January 1, 2000 to December 31, 2000 time period, there was no highlighted performance by complainant "that warranted her receiving the award." Specifically, the Supervisor stated that complainant was out of the office for a period of time because of an operation; "took quite a bit of time off (leave) that I authorized for her to clear up the TLA problem and to work her prior EEO complaint;" and her performance was satisfactory but did not warrant a performance award. The Supervisor stated that he only gave awards to 4 or 5 employees out of 22 employees based on their highlighted performance. Furthermore, the Supervisor stated that complainant's race, sex, color, age and prior EEO activity were not factors in his determination not to give her an award for the rating period of January 1, 2000 to December 31, 2000.

Complainant has not shown that the agency's articulated reasons, as discussed above, were a pretext for discrimination.

The Commission determines that the agency's final decision finding no discrimination was proper and is **AFFIRMED**.

4                                          01A60762

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

5                                     01A60762

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

MAR 3 1 2006

Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 3 1 2006

Date

Equal Opportunity Assistant