IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA A. PLANCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:06-CV-0543-MHT-SRW |
| | ) |
| ROBERT GATES, Secretary, | ) |
| Department of Defense, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Comes now the defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama and provides this Court with its memorandum brief in support of its contemporaneously filed partial motion to dismiss, or in the alternative, for summary judgment.

*I.     STATEMENT OF FACTS*

The plaintiff transferred to a component of the Defense Contracts Management Agency (DCMA) located in Dothan, Alabama, from a different component of DCMA located in Lima, Ohio in June, 1999.[1]  The plaintiff occupied the position of Management Assistant in Dothan and was rated as a GS-06, Step 9.[2]

---

[1]     Defendant's Exhibit 1 (DEX 1), Notification of Personnel Action, Effective Date 06-06-99.

[2]     Id.

On April 23, 2001, the plaintiff filed her first formal complaint of discrimination alleging that she had been discriminated against on the of her race, age and gender when she was denied reimbursement for expenses related to her permanent change of station (PCS) move from Ohio to Alabama.[3] Although unclear, it appears she also asserted that she was the victim of reprisal when she was not selected for a Safety and Occupational Health Specialist (Intern) position in Birmingham, Alabama in December, 2000 and when her husband's request for a transfer from Ohio to Alabama was not granted.[4]

On March 9, 2004, DCMA issued its final agency decision (FAD) finding the plaintiff had failed to establish she had been discriminated and / or retaliated against by the defendant.[5] The plaintiff did not thereafter appeal the DCMA's FAD to the U.S. Equal Employment Opportunity Commission's (EEO) Office of Federal Operations (OFO) nor did she file a civil action in the appropriate United States District Court within the time allowed.[6]

The plaintiff presented a second formal complaint to DCMA on March 5, 2002.[7]

---

[3]     Defendant's Exhibit 2 (DEX 2), Formal Complaint of Discrimination, filed April 26, 2001.

[4]     Id.

[5]     Defendant's Exhibit 3 (DEX 3), Final Decision of the Defense Contract Management Agency in the Complaint of Ms. Barbara Planck (XL-01-018).

[6]     Defendant's Exhibit 4 (DEX 4), Declaration of Charles J. Miller.

[7]     Defendant's Exhibit 5 (DEX 5), Formal Complaint of Discrimination, filed March 26, 2002.

Therein she claimed to have been discriminated against on the basis of race, color, age, and gender when she was not given a performance award for her efforts during the rating period of January 1, 2000 through December, 2000. She also alleged the performance award was not given as in reprisal for discrimination complaints she filed on 4/23/01 and 10/29/01.[8]

Upon completion of the agency's investigation the plaintiff requested a hearing before the EEOC in lieu of a FAD.[9] On December 9, 2004, the EEOC proceedings were terminated due to the plaintiff's failure to comply with the scheduling order that had been entered by the administrative law judge (ALJ) on July 28, 2004.[10] Additionally, the ALJ ordered DCMA to render a final decision on the plaintiff's claims.[11] DCMA rendered a FAD finding no discrimination and / or reprisal on September 30, 2005.[12] Thereafter the plaintiff timely appealed DCMA's findings to the EEOC - OFO which in turn issued an

---

[8] Id. As noted in DEX 4, though, the agency only has records evidencing the plaintiff having filed two complaints of discrimination, XL-00-018, filed 4/23/01 and XL-02-016 filed March 5, 2002.

[9] Defendant's Exhibit 6 (DEX 6), Request for Hearing with EEOC, dated July 11, 2004, signed by Barbara A. Planck.

[10] Defendant's Exhibit 7 (DEX 7), Scheduling Order, entered July 28, 2004 by Perry N. Martin, Administrative Judge and Defendant's Exhibit 8 (DEX 8) Notice, signed by Perry N. Martin, Administrative Judge, entered December 9, 2004.

[11] DEX 8.

[12] Defendant's Exhibit 9 (DEX 9), FAD of DCMA dated September 30, 2005.

order upholding DCMA's finding of no discrimination and / or reprisal.[13]   The instant lawsuit was timely on June 28, 2006.

## II.   THE COMPLAINT

The Court upon review of the complaint, and with the plaintiff's acquiescence, has set forth the following allegations of discrimination:

- A) that the defendant discriminated against the plaintiff on the basis of her gender in violation of Title VII when the agency failed to promote her in June 2001 to the position of Quality Assurance Specialist;

- B) that, in violation of Title VII, defendant retaliated against her for filing an EEO complaint by failing to select her for the position of Safety and Occupational Health Specialist in January 2000;

- C) that the defendant retaliated against plaintiff in violation of Title VII when it denied her a performance award in September 2001 for the annual rating period ending on December 31, 2000;

- D) that defendant discriminated against her in violation of Title VII on the basis of her color, race, age and sex when it denied her a performance award in September 2001 for the annual rating period ending on December 31, 2000;

- E) that the agency retaliated against plaintiff by subjecting her to improper and unwarranted personnel actions in violation of the Americans with Disabilities Act ("ADA") between October 1999 and December 2002 because plaintiff engaged in protected activity;

- F) that the agency subjected her to a hostile work environment when other employees referred to her as a "Yankee" and told her that "we don't do things like that down here"; and

- G) that the agency subjected her to unequal pay on the basis of her gender in violation of the Equal Pay Act between June 1999 and December 2002.

---

[13]   Defendant's Exhibit 10 (DEX 10) EEOC - OFO Decision dated March 31, 2006.

### III. ARGUMENTS AND CITATIONS OF AUTHORITY

For the following reasons, the plaintiff's claims of alleged discrimination are due to be and should be dismissed.

**A) The plaintiff failed to administratively exhaust her claim that the defendant violated Title VII when it failed to promote her in June 2001 to the position of Quality Assurance Specialist.**

In providing aggrieved federal employees a private right of action in federal court, Title VII requires that federal employees exhaust their administrative remedies prior to commencing such an action. Brown, 425 U.S. at 832; *see also* Loeffler v. Frank, 486 U.S. 549, 559 (1988) ("[Title VII] permits an aggrieved employee to file a civil action in federal court, provided the employee has met certain requirements regarding exhaustion of administrative remedies."); *see also* Bryant v. Bell Atlantic Maryland Inc., 288 F.3d 124, 132 (4th Cir. 2002) ("Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies."); Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985). These rules are not mere technicalities, but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." Brown, 425 U.S. at 833; *see also* McKart v. United States, 395 U.S. 185, 195 (1985).

Title VII is a limited waiver of the United States' sovereign immunity: the United States waives immunity from suit for only those claims properly and timely exhausted in the EEO administrative context. A federal employee must, therefore, exhaust her

administrative remedies as a jurisdictional prerequisite to filing a Title VII claim. *See* Brown v. General Servs. Admin., 425 U.S. 820, 832-33 (1976); West v. Gibson, 527 U.S. 212, 218-19 (1999) (The purpose of exhaustion is to create a "dispute resolution system that requires a complaining party to pursue administrative relief prior to court action..."); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). Such requirements also apply to claims arising under the Rehabilitation Act. See Doe v. Garrett, 903 F.2d 1455, 1461 (11th Cir. 1990), cert. denied, 499 U.S. 904 (1991)("… private actions against federal government employers under the Act, whether brought under section 791 or 794, must satisfy 'the requirement of exhaustion of administrative remedies….'").

As set forth above, the plaintiff has filed two complaints of discrimination with the defendant. In neither the first complaint (XL-01-018)[14] or the second (XL-02-016)[15] did the plaintiff raise any allegations regarding the position of Quality Assurance Specialist, much less that she had been denied the position in whole, or in part, on any prohibited basis. Having failed to bring the matter to the attention of the defendant in the administrative process, the plaintiff defeated"[t]he purpose of exhaustion [which] is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer[.] Crawford v. Babbitt, 186 F.3d 1322, at 1326 (11th Cir. 1999). More significantly, she failed to satisfy a condition precedent to her bringing this

---

[14]   DEX 2.

[15]   DEX 5.

claim thus depriving this Court of subject matter jurisdiction. The plaintiff's claim that she was the victim of unlawful discrimination when she was not selected for the Quality Assurance position is therefore due to be and should be dismissed.

**B)** **The plaintiff failed to timely raise her claim that the defendant retaliated against her in violation of Title VII for filing an EEO complaint when it failed to select her for the position of Safety and Occupational Health Specialist in January 2000.**

A federal employee must timely exhaust administrative remedies before filing an employment discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.  See Brown v. General Services Administration, 425 U.S. 820, 829-32 (1976). The EEOC, pursuant to statutory authority, has issued rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b). These regulations, properly promulgated, have the force and effect of law. United States v. Nixon, 418 U.S. 683, 695 (1974).

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, to file a civil action in an appropriate United States District Court:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;  (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;  © Within 90 days of receipt of the Commission's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if

there has been no final decision by the Commission.

29 CFR§ 1614.407.  "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982);. see also Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1297-1302 (5th Cir. 1979)[16]; Bickham v. Miller, 584 F.2d 736, 738 (5th Cir. 1978).

The record indicates that the plaintiff received a final agency decision on her first claim (XL-01-018) on or about March 9, 2004.[17]  Furthermore, the plaintiff did not thereafter appeal the FAD to the EEOC nor did she file a lawsuit in the appropriate United States District Court within 90 days.[18]  Her complaint is therefore untimely and due to be dismissed.  *See,* Puckett v Potter, 342 F.Suppp.2d 1056 (M.D. Ala. 2004).  The defendant is entitled to dismissal of the claim regarding the defendant's failure to select her for the position of Safety and Occupational Health Specialist.  **D**

---

[16] The Eleventh Circuit Court of Appeals has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals made prior to October 1, 1981.  Bonner v. City of Prichard, Ala., 661 F.2d 1206 (1981).  Other circuits have also upheld the dismissal of discrimination actions for failure to file timely administrative claims of discrimination.  *See* Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir. 1985) (upholding dismissal of Title VII suit for failure to file administrative complaint within 30 days of alleged discrimination); Zografov v. V.A. Medical Center, 779 F.2d 967, 969-70 (4th Cir. 1985); Cano v. United States Postal Service, 755 F.2d 221, 223 (1st Cir. 1985); Saltz v. Lehman, 672 F.2d 207, 208-209 (D.C. Cir. 1982).

[17] DEX 3.

[18] DEX 4.

>    **C)   The plaintiff's claim that the agency subjected her to a hostile work environment when other employees referred to her as a "Yankee" and told her that "we don't do things like that down here" fails to state a claim upon which relief can be granted.**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 104 S.Ct. 2229, 2232 (1984), *citing,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  Title VII states, in relevant part, that it is an unlawful employment practice for an employer, . . . , to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin 42 U.S.C. § 2000e-2(a).

To establish a prima facie case for disparate treatment in a race discrimination case, the plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir.2000).  As framed by the Court the plaintiff claims she was subjected to hostile environment when she was referred to as a "Yankee" and told we don't do things like that down here." Quite simply, discriminating against one on the basis of their perceived regional origins is not actionable under Title VII as one's regional origin is not a protected characteristic.  Consequently, there are no set of facts consistent with the

plaintiff's allegations upon which she could be granted relief.

**D)     The plaintiff's claim that the agency subjected her to unequal pay on the basis of her gender in violation of the Equal Pay Act between June 1999 and December 2002 is barred by the statute of limitations.**

The statute of limitations for a claim alleging a violation of the Equal Pay Act, Title 29 United States Code, Section 206(d), is found at Title 29, United States Code, Section 255(a). In pertinent part the latter section states: "every [cause of] action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." The plaintiff's claim under the Equal Pay Act is time barred as it accrued more than 3 years prior to the filing of the complaint in this matter.

Assuming, for the purposes of this motion and this motion alone, the truthfulness of the plaintiff's allegations and that the defendant's actions were willful, the plaintiff was required to bring her action under the Equal Pay Act within three years of the date on which the claim accrued. "The theory of continuing violations has been applied consistently to actions under the Equal Pay Act," thus the plaintiff's claims under the Equal Pay Act accrued, at the latest, upon completion of the last work period for which she was paid by the defendant. Mitchell v. Jefferson County Bd. of Educ., 936 F.2d 539, 548 (11th Cir. 1991); Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050 (5th Cir.1973). The plaintiff resigned her position with the defendant effective December 28, 2002,

therefore, her cause of action under the Equal Pay Act accrued at the latest, on December 28, 2005.[19] Having not filed the instant suit until June 26, 2006, the plaintiff's claims under the Equal Pay Act are barred by the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the allegations of the causes of action discussed herein are due to be and should be dismissed.

Respectfully submitted this 29th day of January, 2007.

                          LEURA G. CANARY
                          United States Attorney

By: s/R. Randolph Neeley
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    Bar Number: 9083-E56R
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    E-mail: rand.neeley@usdoj.gov

---

[19] Defendant's Exhibit 11, Notification of Personnel Action, effective December 28, 2002.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Barbara A. Planck, pro se
1119 County Road 513
Midland City, AL 36350

                                                              s/R. Randolph Neeley
                                                     Assistant United States Attorney