IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA A. PLANCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.: 2:06-CV-0543-MHT-SRW |
| | ) |
| ROBERT GATES, Secretary, | ) |
| Department of Defense, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendant, Robert Gates, Secretary of Defense, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred to the extent she has failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII claims asserted by federal-sector employees.

## FOURTH DEFENSE

Defendant denies the allegations of discrimination in Plaintiff's Complaint and demands strict proof of all matters contained therein.

## FIFTH DEFENSE

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

## SIXTH DEFENSE

Defendant exercises reasonable care to prevent and promptly correct any unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

## EIGHTH DEFENSE

Some, or all, of Plaintiff's claims may be barred by the statute of limitations or the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, or waiver.

## NINTH DEFENSE

Plaintiff's claims are barred as the result of her voluntary resignation from employment with Defendant.

**TENTH DEFENSE**

Any pay differential between Plaintiff and any male employee of Defendant was based upon a seniority system and / or a merit system and /or a system which measures earnings by quantity or quality of production and / or a differential based on any other factor other than sex.

**ELEVENTH DEFENSE**

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

**TWELFTH DEFENSE**

NOW, having set forth certain of its defenses herein, Defendant responds to the paragraphs of Plaintiff's Complaint as follows:

1.     Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of the complaint, the same are therefore denied.

2.     Paragraph 2 of the complaint contains conclusions of law to which no answer is required. Defendant submits however that the Defense Contracting Management Agency employs approximately 8,000 personnel.

3.     Paragraph 3 of the complaint contains conclusions of law to which no answer is required. To the degree an answer is deemed necessary same are denied.

## CLAIMS AS DETERMINED BY THE COURT

A) Defendant denies that it discriminated against the plaintiff on the basis of her gender in violation of Title VII when the agency failed to promote her in June 2001 to the position of Quality Assurance Specialist and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied.

B) Defendant denies that, in violation of Title VII, it retaliated against Plaintiff for filing an EEO complaint by failing to select her for the position of Safety and Occupational Health Specialist in January 2000.  Defendant admits the plaintiff and her spouse sought a hardship reassignment but is presently without sufficient information to admit or deny the remaining factual averments pled by Plaintiff, the same are therefore denied.

C) Defendant denies that it retaliated against plaintiff in violation of Title VII when it denied her a performance award in September 2001 for the annual rating period ending on December 31, 2000 and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied.

D) Defendant denies that it discriminated against Plaintiff in violation of Title VII on the basis of her color, race, age and sex when it denied her a performance award in September 2001 for the annual rating period ending on

December 31, 2000 and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied.

     E)    Defendant denies that it retaliated against Plaintiff by subjecting her to improper and unwarranted personnel actions in violation of the Americans with Disabilities Act ("ADA") between October 1999 and December 2002 because plaintiff engaged in protected activity and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied.

     F)    Defendant denies that it subjected Plaintiff to a hostile work environment when other employees referred to her as a "Yankee" and told her that "we don't do things like that down here" and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied; and

     G)    Defendant denies that it subjected Plaintiff to unequal pay on the basis of her gender in violation of the Equal Pay Act between June 1999 and December 2002 and is presently without sufficient information to admit or deny the factual averments pled by Plaintiff, the same are therefore denied.

     WHEREFORE, premises considered, the complaint is due to be dismissed with all costs taxed to the plaintiff.

Respectfully submitted this 29th day of January, 2007.

>LEURA G. CANARY
>United States Attorney
>
>By: s/R. Randolph Neeley
>  R. RANDOLPH NEELEY
>  Assistant United States Attorney
>  Bar Number: 9083-E56R
>  Post Office Box 197
>  Montgomery, AL  36101-0197
>  Telephone No.: (334) 223-7280
>  Facsimile No.: (334) 223-7418
>  E-mail: rand.neeley@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Barbara A. Planck, pro se
1119 County Road 513
Midland City, AL 36350

>  s/R. Randolph Neeley
>  Assistant United States Attorney