IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA A. PLANCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV543-MHT |
| ) | (WO) |
| ROBERT M. GATES, Secretary, ) | |
| Department of Defense, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a former employee of the Defense Contract Management Agency, proceeds *pro se* in this action against the Secretary of Defense.[1] She asserts the following claims:

(1) that defendant discriminated against her on the basis of her gender in violation of Title VII when the agency failed to promote her in June 2001 to the position of Quality Assurance Specialist;

(2) that, in violation of Title VII, defendant retaliated against her for filing an EEO complaint by failing to select her for the position of Safety and Occupational Health Specialist in January 2000;

(3) that defendant retaliated against her in violation of Title VII when it denied her a performance award in September 2001 for the annual rating period ending on December 31, 2000;

---

[1] Plaintiff's claims against three individual defendants were dismissed without prejudice by order entered on November 28, 2006 (Doc. # 14).

(4) that defendant discriminated against her in violation of Title VII on the basis of her race, color, age and sex when it denied her a performance award in September 2001 for the annual rating period ending on December 31, 2000;

(5) that the agency retaliated against plaintiff by subjecting her to improper and unwarranted personnel actions in violation of the Americans with Disabilities Act ("ADA") between October 1999 and December 2002 because plaintiff engaged in protected activity;

(6) that the agency subjected her to a hostile work environment when other employees referred to her as a "Yankee" and told her that "we don't do things like that down here"; and

(7) that the agency subjected her to unequal pay on the basis of her gender in violation of the Equal Pay Act between June 1999 and December 2002.[2]

This action is presently before the court on defendant's motion to dismiss or, in the alternative, for summary judgment, filed on January 29, 2007. (Doc. # 18).[3] Defendant contends that the claims numbered (1), (2), (6) and (7) above are due to be dismissed or, in the alternative, that he is entitled to summary judgment on these claims. Upon review of the motion and the record, the court agrees that dismissal or summary judgment is appropriate as to these claims.

## MOTION TO DISMISS STANDARD

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a

---

[2] See Orders entered July 10, 2006 (Doc. # 6) and August 1, 2006 (Doc. # 8).

[3] The court initially allowed plaintiff until February 20, 2007 to respond to defendant's motion and subsequently extended the response deadline to March 21, 2007. (Docs. ## 21, 23, 26). Plaintiff has not responded to the motion.

doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)).

## SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of

proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d

923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

### Claim 1 - Quality Assurance Specialist

Plaintiff asserts that the defendant discriminated against her on the basis of her gender in violation of Title VII when the agency failed to promote her in June 2001 to the position of Quality Assurance Specialist. Defendant has produced evidence that plaintiff has filed two formal complaints of discrimination with the agency – one on April 26, 2001 (Complaint No. XL-01-018) and the other on March 5, 2002 (Complaint No. XL-02-016). (See Defendant's Exhibits 2, 4, 5).[4] The first of these complaints was filed before plaintiff's June 2001 non-selection for the Quality Assurance Specialist position. Neither formal complaint makes any reference to a Quality Assurance Specialist position.[5]

Before a federal employee may file a civil action in federal district court to redress a claim of employment discrimination, she must first exhaust administrative remedies by seeking relief from her employing agency. Brown v. General Services Administration, 425 U.S. 820, 831-33 (1976); 42 U.S.C. § 2000e-16(c). A plaintiff's failure to do so deprives the court of jurisdiction to entertain her claim. Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th

---

[4] Plaintiff alleges that she also filed an EEO complaint on September 29, 2001, but she has offered no evidence supporting this allegation. (Amended Complaint, ¶ 5). Charles Miller, Director of EEO for DCMA Headquarters has testified by declaration that plaintiff filed only two EEO complaints while employed by DCMA. (Defendant's Exhibit 4, p. 1).

[5] Even if plaintiff had raised such a claim in her second formal complaint, the claim would have been untimely, since the personnel action occurred in June 2001 and plaintiff's first attempt to contact the EEO counselor was in September 2001. (See Doc. # 18; 29 C.F.R. § 1614.105(a)(1)).

Cir. 1999)("A federal employee must pursue and exhaust her administrative remedies as a prerequisite to filing a Title VII action."). Since plaintiff has failed to pursue administrative remedies regarding her claim that the agency discriminated against her when it failed to select her for a Quality Assurance Specialist position in June 2001, her Title VII claim arising from this employment action is due to be dismissed for lack of jurisdiction.

### Claim 2 - Safety and Occupational Health Specialist

Plaintiff contends that the defendant retaliated against her for filing an EEO complaint by failing to select her for the position of Safety and Occupational Health Specialist in January 2000. Although her EEO complaint provided no detail regarding this allegation of discrimination, plaintiff's April 26, 2001 formal complaint alleges that defendant engaged in reprisal when the agency denied plaintiff the position of "Safety and Health Officer (Intern Position) in Birmingham, AL." (Defendant's Exhibit 2). In its Final Agency Decision, the agency dismissed plaintiff's allegation concerning the Birmingham position as untimely. (Defendant's Exhibit 3, § V).

A federal employee may appeal an agency's final action on a discrimination complaint to the Equal Employment Opportunity Commission (EEOC). Any such appeal must be filed within thirty days of receipt of the final agency decision. The employee may file a civil action within ninety days of receipt of the EEOC's decision on the appeal. An employee who does not appeal the final agency decision to the EEOC may file a civil action within ninety days of receipt of the final agency decision. 29 C.F.R. §§ 1614.401(a), 1614.402(a), 1614.407(a), (c).

In this case, the agency issued its final agency decision as to plaintiff's claim of retaliation with regard to the Birmingham position on March 9, 2004. Plaintiff did not appeal the decision to the EEOC. (Miller declaration, p. 2). She commenced the present action on June 19, 2006, more than two years after the agency issued the final agency decision, and plaintiff has presented no evidence or argument presenting a basis for extending the statute of limitations. Accordingly, defendant is entitled to summary judgment on this claim.

### Claim 6 - Hostile Work Environment

Plaintiff alleges that the agency subjected her to a hostile work environment when other employees referred to her as a "Yankee" and told her that "we don't do things like that down here." Defendant argues that plaintiff fails to state a hostile work environment claim as her perceived regional origin is not a characteristic protected by Title VII. Title VII prohibits discrimination "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). As defendant argues, plaintiff may not, accordingly, maintain a Title VII based on a hostile environment occasioned by her perceived regional origin. Thus, this claim is due to be dismissed.

### Claim 7 - Equal Pay Act

Plaintiff asserts that the agency subjected her to unequal pay on the basis of her gender in violation of the Equal Pay Act between June 1999 and December 2002. Defendant contends that this claim is barred by the applicable statute of limitations. The statute of limitations for Equal Pay Act claims is three years after the cause of action accrues for willful violation of the statute, and otherwise is two years after accrual. 29 U.S.C. § 255(a). Such

claims accrue with the receipt of each unlawful paycheck.  See Ledbetter v. Goodyear Tire and Rubber Co., 421 F.3d 1169, 1181-82 (11th Cir. 2005); Mitchell v. Jefferson County Board of Education, 936 F.2d 539, 548 (11th Cir. 1991).  Defendant has offered evidence that plaintiff's employment with DCMA terminated effective on December 28, 2002. (Defendant's Exhibit 11).  Plaintiff has filed no evidence that she received her final paycheck from DCMA within three years of commencing the present lawsuit on June 19, 2006, nor has she argued or demonstrated that the statute of limitations has been extended by waiver, estoppel or equitable tolling.  Thus, defendant is entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  defendant's motion to dismiss (Doc. # 18) be GRANTED as to Claim 1 (Quality Assurance Specialist position) and Claim 6 (Hostile Work Environment) and that these claims be DISMISSED with prejudice;

(2) defendant's alternative motion for summary judgment be GRANTED as to Claim 2 (Safety and Occupational Health Specialist position) and Claim 7 (Equal Pay Act) and that these claims be DISMISSED with prejudice; and

(3) the case be referred back to the undersigned Magistrate Judge for further proceedings on plaintiff's remaining claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file

any objections to this Recommendation on or before April 26, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE